UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

NOV 18 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

SAMUEL LOWE,

       Petitioner,

v.

       Criminal No.: 4:10cr132
       Civil No.: 4:12cv93

UNITED STATES OF AMERICA,

       Respondent.

## OPINION AND ORDER

This matter is before the Court on petitioner Samuel Lowe's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion alleges that the Court committed reversible error through: (1) applying improper sentencing enhancements; (2) failing to properly consider the § 3553(a) sentencing factors; and (3) accepting Petitioner's involuntary guilty plea as to a firearm charge. Petitioner also alleges that his lawyer was ineffective for failing to: (1) object to the drug weight as calculated at sentencing; (2) object to sentencing enhancements; and (3) refute claims of conspiracy. After reviewing the briefs and case file, the Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to relief. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons discussed below, Petitioner's § 2255 motion is **DISMISSED and DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2011, pursuant to a written plea agreement, Petitioner pled guilty to Count One and Count Fourteen of the Indictment in this case. Count One charges Petitioner with Conspiracy to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). The statutory punishment for Count One is imprisonment for not less than ten (10) years and not more than life. Count Fourteen charges Petitioner with Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c). The statutory punishment for Count Fourteen is a <u>consecutive</u> term of imprisonment of not less than five years, and not more than life.

On May 2, 2011, Petitioner appeared before the Court, with counsel, for sentencing. The Presentence Investigation Report ("PSR") calculated Petitioner's Base Offense Level as Level 34 based on the attribution of approximately five kilograms of heroin. PSR Worksheet A, ECF No. 134; U.S.S.G. § 2D1.1(c)(3). Petitioner's Offense Level was then increased by 3 levels to a Level 37 based on Petitioner's role as a manager or supervisor of other criminal participants. PSR Worksheet A, ECF No. 134; U.S.S.G. § 3B1.1(b). Petitioner received a 3-level credit for acceptance of responsibility, resulting in an Offense Level

2

Total, of Level 34.  PSR Worksheet D, ECF No. 140; U.S.S.G. § 3E1.1.

Petitioner's criminal record resulted in a Criminal History Category of I, based on a total of one Criminal History point. Petitioner was assigned one point for a 1996 conviction for "Driving While Impaired."  Because Petitioner qualified as a Category I, the lowest Criminal History Category under the Guidelines, his Guideline range was not increased based on his criminal record.  Furthermore, because Petitioner was not charged with being a felon in possession of a firearm, and because his sentence was not otherwise enhanced based on any prior "felony" convictions, the classification of any of Petitioner's prior offenses as "misdemeanors" or "felonies" was at the time, and remains, irrelevant.

Based on an Offense Level Total of 34 and a Criminal History Category of I, Petitioner's advisory Guideline range for Count One was 151-188 months.  The Court sentenced Petitioner to 151 months on Count One, which was the low-end of the Guideline range.  As required by statute, the Court imposed a consecutive sentence of 60 months on Count Fourteen, resulting in a total sentence of 211 months.  Petitioner did not appeal his conviction or sentence, and his conviction and sentence therefore became "final" fourteen days after sentencing.

3

On June 6, 2012, Petitioner filed the instant § 2255 motion and memorandum in support.  Such motion was filed approximately one year and three weeks after Petitioner's conviction and sentence became final.  The Court subsequently issued an Order instructing the government to file a responsive brief, and in its response, the government challenged Petitioner's motion as untimely and alternatively argued that such motion lacked merit. Petitioner filed a reply brief, and more recently submitted a supplemental brief.  This matter is therefore ripe for review.

## II. STANDARD OF REVIEW AND LIMITATIONS PERIOD

### A. § 2255 Standard of Review

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack."  Id.  A petitioner must prove the asserted grounds for relief by a preponderance of the evidence.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).  Because a § 2255 motion "is ordinarily presented to the judge who presided at the

4

original conviction and sentencing . . . the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion." Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000) ("'[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" (quoting Davis v. United States, 417 U.S. 333, 343 (1974))). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1981). Accordingly, a § 2255 collateral challenge "may not do service for an appeal." Id. at 165.

The "higher hurdle" that applies to claims advanced for the first time in a § 2255 action exists because, once a defendant's opportunity to pursue a direct appeal has been waived or

exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1992). "'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim, or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather, he must show that errors "worked to his actual and substantial disadvantage, infecting his entire [case] with error of constitutional dimensions." Frady, 456 U.S. at 170.

Alternatively, a petitioner may overcome the procedural default bar in limited circumstances by demonstrating that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack," such as where a petitioner can demonstrate actual innocence. Mikalajunas, 186 F.3d at 494. Actual innocence, however, "means factual

innocence, not mere legal insufficiency" of a conviction. Bousley v. United States, 523 U.S. 614, 623-24 (1998); see Mikalajunas, 186 F.3d at 494 (indicating that a petitioner must demonstrate "actual factual innocence"). A petitioner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

A § 2255 petitioner need not, however, overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th

Cir. 2010); see United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (indicating that ineffective assistance of counsel claims "are normally raised before the district court via 28 U.S.C. § 2255").

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court of the United States has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)) (emphasis added). To obtain relief based on an allegation of ineffective assistance a petitioner must establish both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's burden as to the two prongs of the Strickland test. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

When evaluating counsel's performance under the first prong of Strickland, courts "must be highly deferential." Strickland, 466 U.S. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard).

To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

In conducting a hindsight evaluation of counsel's performance, a court must recognize that there "are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Id. If defense counsel has made an adequate investigation into the facts and potential lines of defenses, "the strategic choices made as a result will

seldom if ever be found wanting." _Id._ at 681 (internal quotation marks omitted). Accordingly, the difficulty in overcoming the general presumption that defense counsel provided effective assistance is even greater where counsel's actions required a strategic "assessment and balancing of perceived benefits against perceived risks"—such strategic decisions must be afforded "'enormous deference.'" _United States v. Terry_, 366 F.3d 312, 317 (4th Cir. 2004) (quoting _United States v. Kozinski_, 16 F.3d 795, 813 (7th Cir. 1994)).

The second prong of _Strickland_ requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." _Strickland_, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." _Id._ at 694. The Court applies a slightly modified prejudice standard when a petitioner alleges ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." _Hill v. Lockhart_, 474 U.S. 52, 59 (1985). If the Petitioner fails to prove either of the two prongs of the _Strickland_ test, the Court need not evaluate the other prong of

10

the test.   United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

## B. § 2255 Limitations Period

Generally, a one-year limitations period governs the filing of a § 2255 habeas petition.  28 U.S.C. § 2255(f).  The statute provides that the one-year period begins to run from the latest of four factual scenarios, see id. § 2255(f)(1)-(4), three of which are potentially relevant to this case.  First, according to § 2255(f)(1), the limitations period may begin on "the date on which the judgment of conviction becomes final."  Second, under § 2255(f)(3), the limitations period may alternatively start running "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Third, under § 2255(f)(4), the limitations period may alternatively start running "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The one-year statutory limitations period in 28 U.S.C. § 2255(f) may, in certain circumstances, be tolled for equitable reasons.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) (citing Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000) and similar holdings from ten other circuits).  The

purpose of such tolling is to provide some flexibility to relieve rare hardships that arise from a rigid application of the law. Id. at 2563. Equitable tolling of the federal habeas limitations period is, however, only appropriate "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

When applying an equitable remedy, a district court "must be governed by rules and precedents no less than" when applying a remedy at law. Lonchar v. Thomas, 517 U.S. 314, 323 (1996) (internal quotation marks and citation omitted). Accordingly, the Supreme Court has laid out a two element test for determining whether to permit equitable tolling for late-filed § 2255 habeas petitions. Holland, 130 S. Ct. at 2562. To be entitled to equitable tolling, a petitioner bears the burden of demonstrating "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The first element requires that a petitioner exercise "reasonable diligence" in the pursuit of his rights. Holland, 130 S. Ct. at 2565.[1] The second element requires a petitioner to

---

[1] The Supreme Court recently held that when a petitioner asserts a credible claim of "actual innocence" such petitioner's failure to diligently pursue his rights is not an automatic bar to receiving the benefit of equitable tolling. McQuiggin v. Perkins, 133 S. Ct. 1924, 1935 (2013). Here, Petitioner makes no credible actual innocence

show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003). Stated differently, to satisfy the two-element test, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances . . . and the lateness of his filing." <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000). This cannot be proven "if the petitioner, acting with reasonable diligence," still could have filed within the limitations period. <u>Id.</u>

## III. DISCUSSION

Here, Petitioner's § 2255 motion advances three claims of reversible Court error associated with his guilty plea and sentencing and three additional claims alleging ineffective assistance of counsel. However, Petitioner admittedly missed the 28 U.S.C. § 2255(f)(1) filing deadline, and the government challenges the timeliness of Petitioner's § 2255 motion. For the reasons discussed below, Petitioner's § 2255 motion is **DISMISSED** as untimely. Alternatively, the claims alleging Court error are **DISMISSED** as procedurally defaulted. Finally, all claims alleging Court error and all claims alleging ineffective assistance are alternatively **DENIED** on the merits.

---

claim, and <u>McQuiggin</u> is therefore not applicable. Accordingly, Petitioner must satisfy both elements of the equitable tolling test set forth above.

## A.  Motion is Untimely

Petitioner acknowledges in his § 2255 motion and memorandum that his petition was filed several weeks after the filing deadline that expired one year after Petitioner's conviction and sentence became final.  Petitioner, however, argues that his failure to file on time should be excused because Petitioner underwent a medical procedure, while incarcerated, on April 24, 2012.  Although Petitioner has submitted documentation to demonstrate that he underwent such medical procedure, he fails to demonstrate that he was incapacitated or otherwise unable to file his motion by the mid-May deadline, which passed approximately three weeks after his medical procedure. Petitioner has thus failed to demonstrate "extraordinary circumstances" that were "beyond his control" that "prevented him from filing on time." Rouse, 339 F.3d at 246.[2]  Furthermore, Petitioner has not submitted any evidence demonstrating that he exercised "reasonable diligence" in the pursuit of his rights. Holland, 130 S. Ct. at 2565.  Finally, Petitioner has not made a credible claim of actual innocence.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1935 (2013).  Accordingly, Petitioner fails to

---

[2]  In addition to the documents associated with his May 2012 medical procedure, Petitioner also submits documentation indicating that he underwent an earlier medical procedure in October of 2011.  However, Petitioner fails to demonstrate that such prior procedure, which occurred more than six months before the filing deadline, prevented him from timely submitting the pre-printed § 2255 form that he ultimately filed with the Court in June of 2012.

demonstrate that the one-year limitations deadline set forth in § 2255(f)(1) should be equitably tolled.

Alternatively, Petitioner appears to argue that, based on recent opinions of the Supreme Court and the Fourth Circuit, his motion should be deemed timely under the limitations provisions set forth in § 2255(f)(3) (new retroactive legal right recognized) or § 2255(f)(4) (new facts that could not have previously been discovered through due diligence). Specifically, Petitioner appears to assert that the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237, 244 (4th Cir. 2011), and the Supreme Court's more recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013)[3] somehow operate to make his petition timely. However, neither of these cases can be applied to extend the applicable statute of limitations for Petitioner, nor do they otherwise have any relevance to his § 2255 motion. In Simmons, the Fourth Circuit addressed the necessary threshold for a prior state conviction to qualify as a "felony" for the purposes of enhancing a subsequent federal drug trafficking conviction. In Alleyne, the Supreme Court determined that a fact that increases the statutory mandatory minimum sentence applicable at sentencing is not subject to judicial fact-finding at sentencing, but rather, must be found

---

[3] Petitioner cited Alleyne in a "supplemental brief" that was submitted in June of 2013.

by a jury or admitted to by a defendant who enters a guilty plea. Here, Petitioner's sentence was not enhanced by any prior felony convictions (making Simmons inapplicable) nor was his mandatory minimum increased based on judicial factfinding (making Alleyne inapplicable). Accordingly, Petitioner fails to demonstrate that his motion is timely based on the alternative limitations provisions set forth in § 2255(f)(3) or § 2255(f)(4).[4]

As set forth above, the Court agrees with the government that Petitioner's § 2255 motion was filed outside of the § 2255(f)(1) limitations period and that Petitioner fails to demonstrate that this is one of the rare cases where such limitations period should be equitably tolled. Furthermore, Petitioner fails to demonstrate that any of the alternative limitations periods set forth in § 2255(f) operate to extend the filing deadline. Accordingly, Petitioner's § 2255 motion is DISMISSED as untimely.

## B. Claims Asserting Court Error

### 1. Dismissed for Default

Petitioner's claims asserting that the Court committed error at the plea hearing or at sentencing have all been

---

[4] Petitioner's attempt to invoke § 2255(f)(4) alternatively fails because Petitioner does not advance any new facts that could not have previously been discovered through due diligence. Rather, he erroneously argues that the new case law cited above constitutes "new evidence."

procedurally defaulted because, once a criminal defendant's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Frady, 456 U.S. at 164-65; see Gov't's Opp'n Mem. 4, ECF No. 178 (noting that any matter that could have been raised on appeal, but was not, is procedurally defaulted). For the Court to even reach the merits of such defaulted claims, Petitioner must demonstrate: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." Mikalajunas, 186 F.3d at 492-93. Because, here, Petitioner has failed to demonstrate either cause or prejudice as to his allegations of Court error, Petitioner's claims are **DISMISSED** as procedurally defaulted.

## 2. Denial on the Merits

Alternatively, even if Petitioner's claims asserting that the Court committed error at sentencing were not defaulted, the Court would deny such claims on the merits. First, Petitioner asserts that the Court committed plain error by improperly classifying prior convictions as "felonies" and using such fact to enhance Petitioner's sentence. Simmons, 649 F.3d at 247. However, Petitioner's sentence was not enhanced based on any prior conviction being classified as a felony, and Petitioner's claim therefore has no basis in fact. Moreover, Petitioner was sentenced as a Criminal History Category I, the lowest Category

17

under the Guidelines, meaning that not even state misdemeanor sentences were used to enhance Petitioner's federal sentence. Accordingly, Petitioner's first claim plainly fails on the merits.

Second, Petitioner asserts that the Court did not follow the proper steps at sentencing and did not consider the relevant § 3553(a) factors. Like his prior argument, this claim has no basis in fact, as the advisory Guidelines were calculated in advance of sentencing, both parties were afforded multiple opportunities to challenge the Guideline calculation and/or file a departure motion, and the Court imposed a "low-end" Guideline sentence after considering, and rejecting, Petitioner's request for a downward variance. Sent. Tr. 25, 35, 47. Furthermore, the Court not only stated on the record at sentencing that it considered all of the § 3553(a) factors, but the Court reviewed the factors on the record, at length, and specifically discussed how they applied to Petitioner's case. Sent. Tr. 37-45, ECF No. 178-2. Petitioner's second claim therefore fails on the merits.

Third, the Court rejects Petitioner's claim that error was committed because he did not intend to plead guilty to the 18 U.S.C. § 924(c) firearm offense. Petitioner's Plea Agreement clearly indicates that Petitioner was pleading guilty to such firearm offense, and the very first numbered paragraph of such document expressly states that the penalty for such offense

18

includes "a mandatory minimum term of imprisonment of five (5) years which must run consecutive to all other sentences . . . ." Plea Agreement ¶ 1, ECF No. 103. Similarly, the written "Statement of Facts," a document signed by Petitioner at his plea hearing, again states that Petitioner is pleading guilty to the § 924(c) firearm count and expressly notes in the section containing the stipulated facts that Defendant possessed the firearm in question "in furtherance of the drug trafficking crimes described herein." Statement of Facts ¶ 11, ECF No. 104.

Moreover, the Court asked Petitioner numerous questions at the plea hearing to ensure that Petitioner's plea was made freely and voluntarily and with a full understanding of the charges, and Petitioner admitted his guilt to the § 924(c) offense while under oath. Specifically, the Court reviewed the 924(c) charge, reviewed the elements that the government would have to prove beyond a reasonable doubt if Petitioner were to proceed to trial, and reviewed the mandatory minimum and maximum punishments for the firearm offense. Petitioner stated, under oath, that he understood the seriousness of the penalty provided by law for the § 924(c) offense. The Court subsequently repeated the charges as to both the drug trafficking count and the § 924(c) firearm count, and Petitioner stated, under oath, that he was guilty of such offenses, that he was entering his plea freely and voluntarily, that he was pleading guilty because

19

he was in fact guilty, and that the facts set forth in the "Statement of Facts" were true and correct.

Because "[c]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," § 2255 claims that contradict such prior sworn statements are deemed "patently frivolous or false" except in the case of extraordinary circumstances. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). As no extraordinary circumstances exist here, Petitioner's current contradictory statements are rejected by the Court. Accordingly, Petitioner's third claim fails on the merits.

For the reasons explained above, all of Petitioner's claims alleging Court error are dismissed as procedurally defaulted and alternatively denied on the merits.

### C. Claims Asserting Ineffective Assistance

Unlike procedurally defaulted claims that directly challenge a prisoner's conviction or sentence, it is well-established that ineffective assistance of counsel claims are properly asserted for the first time in a § 2255 motion. King, 119 F.3d at 295. Here, addressing the merits of Petitioner's various ineffective assistance claims, the Court finds that each claim fails to satisfy the two part Strickland standard, and all

of Petitioner's ineffective assistance claims are therefore denied on the merits.[5]

### 1. Drug Weight and Associated Challenges

Petitioner's first claim of ineffective assistance appears to focus on defense counsel's purported failure to challenge Petitioner's drug weight calculation at sentencing, but also includes numerous other cursory allegations, such as failure to investigate, failure to challenge the firearm charge because the gun was not found in Petitioner's home, and failure to challenge Petitioner's prior convictions that enhanced his sentence. As set forth below, all of such claims are either contradicted by the record, entirely conclusory, or otherwise fail to demonstrate constitutionally deficient performance and/or resulting prejudice.

As to the drug weights, defense counsel did successfully raise a drug weight objection as part of the sentencing process, although the result did not lower Petitioner's advisory Guideline range. Sent. Tr. 7-10, 13. Furthermore, although Petitioner stated at sentencing that he did not understand why he was being attributed with more drugs than that stated in the stipulated Statement of Facts, Sent. Tr. 13, the Statement of

---

[5] Petitioner's § 2255 motion appears to include three primary allegations of ineffective assistance, but also contains various cursory references to other forms of deficient performance. Although each and every allegation may not be individually discussed herein, each has been considered by the Court, and each is denied on the merits.

Facts indicates that Petitioner was responsible for "1 kilogram or more" of heroin and went on to state that "defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case." Statement of Facts ¶¶ 12-13 (emphasis added). Accordingly, contrary to Petitioner's argument, there was no "stipulated" specific quantity of heroin set forth in the Statement of Facts.

Furthermore, at the time of his guilty plea, the Court directly informed Petitioner that the Court would consider all of his conduct in determining his sentence, and Petitioner stated under oath that he understood what the Court would consider. See Sent. Tr. 18. At the sentencing hearing, Petitioner directly voiced his concerns regarding drug weights in excess of one kilogram of heroin and the Court carefully explained to Petitioner that he was free to persist in challenging the drug weight calculation and that he had the right to testify at the sentencing hearing, but that if he chose to do so, he could risk losing acceptance of responsibility.[6] Id. at 13, 18-20. The Court then took a recess to allow Petitioner and his counsel the opportunity to further discuss the matter and to allow Petitioner to make an informed decision.

---

[6] Acceptance of responsibility is not awarded where a Defendant falsely denies, or frivolous contests, offense conduct or relevant conduct. U.S.S.G. § 3E1.1 App. n.1(A).

After the recess, Petitioner stated, under oath, that he wanted to proceed to sentencing without further challenging his drug weights. Sent. Tr. 21. Such strategic decision is not only entitled to enormous deference, Terry, 366 F.3d at 317, but on these facts, appears to have been the wisest course of action. Petitioner therefore fails to demonstrate either deficient performance or actual prejudice as to his counsel's representation regarding the drug weights that were attributed to Petitioner at sentencing.

Similarly, Petitioner's other unsupported and/or conclusory challenges to counsel's performance fail to satisfy Strickland. Petitioner not only fails to demonstrate what issues his lawyer did not investigate, but fails to demonstrate what would have been revealed through additional investigation. Petitioner's reference to the location where the firearm was recovered is refuted by the Statement of Facts, a document that Petitioner swore was correct, and the PSR, which collectively demonstrate that the firearm was located under Petitioner's bed pillow in the "rooming house" where Petitioner was discovered by police. Statement of Facts ¶ 11; PSR ¶ 34. Furthermore, irrespective of the location where the gun was found, Petitioner fails to articulate in his motion any legal basis for challenging the link between such gun and Petitioner's drug trafficking activities. Finally, as discussed in the preceding section,

Petitioner's claim that is premised on improper sentencing enhancements due to prior convictions being classified as felonies fails on its face. The Court therefore denies Petitioner's first series of ineffective assistance claims on the merits.

### 2. Failure to Challenge the PSR

Petitioner separately claims that his counsel was ineffective for refusing to challenge Petitioner's PSR at sentencing. Like the previous claim, such claim appears to focus primarily on the drug weights attributed to Petitioner at sentencing. As explained in detail above, the fact that Petitioner did not expressly stipulate to three kilograms or more of heroin in his written Statement of Facts is largely irrelevant to the determination of whether defense counsel provided constitutionally deficient performance. Petitioner was informed by the Court at his guilty plea hearing, and reminded by the Court at his sentencing hearing, that his sentence on the drug charge would be between ten years and life imprisonment, and that the Court would consider <u>all of his relevant conduct</u> in determining the appropriate sentence. Furthermore, in contrast to Petitioner's assertion in his § 2255 motion that his PSR "inexplicably" held him responsible for more than three kilograms of heroin, the PSR explains this calculation in detail, PSR ¶¶ 14-50, and the Court expressly afforded

24

Petitioner the opportunity to challenge such drug calculation at sentencing, Sent. Tr. 19-21.    Nothing in Petitioner's § 2255 filings calls into question the defense's strategic choice at sentencing to opt not to further challenge the drug weight calculation in an effort to ensure that Petitioner retained the 3-level credit for acceptance of responsibility, a credit that reduced Petitioner's advisory Guideline range by approximately five to six years.    The instant claim therefore fails to demonstrate constitutionally deficient performance or resulting prejudice.

Petitioner's claim that his attorney improperly failed to challenge the PSR also suggests that defense counsel was ineffective for failing to challenge the erroneous Criminal History calculation in the PSR and failing to challenge the sentence imposed as either being near the top of the Guideline range, or above the Guideline range.    Such additional claims clearly fail to satisfy either prong of Strickland as they find no basis in fact.    Petitioner was sentenced as a Criminal History Category I, the lowest Category possible. Sent. Tr. 25. Furthermore, he was not sentenced at, or above, the high-end of the Guideline range, but was instead sentenced to the lowest term of months still within the advisory Guideline range.    Sent. Tr. 25, 45.    The Court therefore denies Petitioner's second group of ineffective assistance claims on the merits.

### 3. Failure to Refute Conspiracy

Petitioner's final claim of ineffective assistance is that defense counsel was ineffective for failing to challenge the "conspiratorial" nature of Petitioner's conduct.[7]   Petitioner argues that a single act cannot establish a conspiracy, nor can a controlled buy from a government informant.   However, Petitioner's argument on this issue, like the several before it, are belied by the factual record in this case.   Petitioner's own sworn admissions in the Statement of Facts clearly establish his

---

[7] The Court notes that Petitioner's reply brief asserts, for the first time, that Petitioner's counsel was also ineffective for failing to timely file an appeal after Petitioner requested that he do so.   Such claim, to the extent it is even before the Court, is dismissed for numerous reasons.   First, such claim, like the entirety of Petitioner's § 2255 motion, is dismissed as filed outside the one-year limitations period.   28 U.S.C. § 2255(f).   Second, Petitioner did not seek leave to amend his initial § 2255 motion to include such claim, and the Court therefore declines to reach it.   See Touchcom, Inc. v. Bereskin & Parr, 790 F. Supp. 2d 435, 446 (E.D. Va. 2011) (explaining that, "[t]ypically, courts will not consider an argument raised for the first time in a reply brief" as the "opposing party is prejudiced in its ability to respond to the argument"); Snyder v. United States, 263 F. App'x 778, 779-80 (11th Cir. 2008) (affirming the district court's decision not to specifically address a new claim advanced for the first time in a § 2255 reply brief).   Third, even if Petitioner's original § 2255 motion was deemed timely based on application of equitable tolling, and this Court construed the reply brief as a request to amend Petitioner's § 2255 motion, Petitioner's new claim would be untimely as it was filed almost three months after the original § 2255 motion and does not "relate back" to such motion.   See Mayle v. Felix, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from the original pleading set forth."); Mustapha v. United States, No. 302cr096, 2005 WL 1667682, at *7-9 (E.D. Va. June 10, 2005) (finding that Fourth Circuit precedent precluded the district court from considering the petitioner's ineffective assistance claim grounded in counsel's alleged failure to file an appeal because such claim, which was advanced for the first time in a § 2255 reply brief, did not "relate back" to the petitioner's original § 2255 motion).

agreement and participation in a multi-year drug trafficking conspiracy. Statement of Facts ¶¶ 1, 4, 9-10; <u>see also</u> PSR ¶¶ 14-50. The instant claim therefore fails to satisfy either prong of <u>Strickland</u>, and it is denied on the merits.

### IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion is **DISMISSED** as untimely. Moreover, Petitioner's claims asserting that the Court committed error are **DISMISSED** as procedurally defaulted. Alternatively, even if the Court reaches the merits of Petitioner's untimely and defaulted claims asserting Court error, and his untimely claims asserting ineffective assistance of counsel, all of such claims are **DENIED** on the merits.

Finding that the procedural basis for dismissal of Petitioner's § 2255 motion are not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); 28 U.S.C. § 2253(c)(2); <u>see</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit.

R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and to the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 18 , 2013